J-S36021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL JAMES SAAR, JR. | |
| Appellant | No. 1618 WDA 2014 |

Appeal from the Judgment of Sentence September 4, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0002454-2013 and CP-02-CR-0006229-2013

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 21, 2015**

Russell Saar argues in this direct appeal that his aggregate sentence of 2½-5 years' imprisonment following revocation of his probation is excessive. We affirm.

On April 9, 2013, Saar was charged at No. 2454-2013 with committing simple assault[1] and harassment[2] against Rhonda Powers on February 9, 2013.  The prosecutor later described this incident as follows: "[A]fter some verbal and emotional abuse, [Saar] eventually became assaultive and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701.

[2] 18 Pa.C.S. § 2709.

grabbed [Powers'] head and her face and was pushing his fingers into her eye sockets, then grabbed her by the neck and pinned her against the wall while strangling her." N.T., 6/29/13, at 4.

On June 26, 2013, Saar was charged at No. 6229-2013 with committing simple assault, terroristic threats,[3] unlawful restraint[4] and harassment against Powers on May 3, 2013. The prosecutor later described this incident as follows: "[T]he police were called back to [the same] residence and they could hear screaming from that residence as they approached ... When they knocked on the door, it took them awhile to get an answer ... But once the door was opened, [Powers] immediately began telling the police that [Saar] had strangled her..." *Id*. at 4-5.

On July 29, 2013, Saar pled guilty to all charges at both caption numbers. On the simple assault charge in No. 2454-2013, the trial court sentenced Saar to two years' probation, during which time he was to have no contact with Powers and comply with a mental health evaluation and treatment plan. On the terroristic threats charge in No. 6229-2013, the court sentenced Saar to both a minimum and maximum of 88 days' imprisonment[5] with credit for time served followed by two years' probation,

_____

[3] 18 Pa.C.S. § 2706.

[4] 18 Pa.C.S. § 2902.

[5] This sentence was illegal because the minimum period of imprisonment is more than half of the maximum period, 42 Pa.C.S. § 9756(b)(1), but the
*(Footnote Continued Next Page)*

during which time he was to have no contact with Powers and comply with an MH/MR evaluation and treatment plan. The court did not impose any penalty on the remaining charges at either caption number.

While on probation, Saar was charged at No. 1602-2014 with committing aggravated assault,[6] two counts of simple assault and harassment on December 27, 2013. On June 9, 2014, he entered a negotiated guilty plea to one count of simple assault, and the court sentenced him to two years' probation.

On September 4, 2014, Saar appeared for a probation revocation hearing at Nos. 2454-2013 and 6229-2013. Saar's probation officer, Miriam Ventura, stated that "he is a convicted violator of [the court's] probation [for which] he was placed on two years' probation." N.T., 9/4/14, p. 2. Ventura added that Saar "had a no contact [order] with Shawn Miller, who is a friend of the victim on the other two cases [Powers]. It's like an altercation with him, him and her." *Id*. Finally, Ventura stated that "[Saar's] adjustment to supervision [while on probation] was very poor. [He] reported sporadically, did not complete [drug-alcohol counseling], had violent contact with the victim." *Id*. Neither Saar nor his attorney attempted to refute the probation officer's statements. *Id*. at 2-3. Saar's attorney merely stated that he was

(Footnote Continued) ————————————

trial court corrected this error by imposing a legal sentence of 2½-5 years' imprisonment upon revoking Saar's probation. *See* p. 4, *infra.*

[6] 18 Pa.C.S. § 2702.

in jail for six and a half months, has been at the Renewal Center for one month and has had trouble obtaining employment. *Id*. at 3. Saar asked that the court give him credit for time served and impose a new term of probation so that he could find gainful employment outside of jail. *Id*.

The trial court responded:

But, here's my problem, Mr. Saar. You've been beating the same woman since 1997. You have nine convictions. Most of them are for domestic violence or related to domestic violence. The police report that they've been at your house 27 times. You have been in technical noncompliance and now you are a convicted violator. Now, do I think you're going to stop? I don't think so…

Okay, well, also the seriousness of your offense that you strangled the victim in one case, you blackened both of her eyes. I just think you're so entrenched in what you've been doing that you're never going to stop. The Court has ordered, read and considered a presentence report that virtually had very little if anything to say that was positive. You tried to gouge her eyes out. It's just a little bit too much for me.

*Id.* at 4-5.

The trial court revoked Saar's probation at No. 2454-2013 and sentenced him to 1-2 years' imprisonment with credit for 229 days served. The court revoked Saar's probation at No. 6229-2013 and sentenced him to 1½-3 years' imprisonment to run consecutive to his sentence at No. 2454-2013.

Saar filed a timely post-sentence motion to modify sentence which alleged in relevant part that his sentence was excessive and that the trial court failed to consider two mitigating factors when imposing sentence, viz., Saar was at the Renewal Center for approximately one month and was doing

well there, and he had employment waiting for him if he were to be released. Post-Sentence Motion, 9/9/14, p. 2.

The trial court denied Saar's post-sentence motion, and he filed a timely notice of appeal. Both Saar and the trial court complied with Pa.R.A.P. 1925.

Saar raises one issue in this appeal:

Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including [Saar's] character and rehabilitative needs, the gravity of the offense/violation and the protection of the public, as required under 42 Pa.C.S. § 9721 (sentencing generally; general standards) and 42 Pa.C.S. § 9725 (total confinement)?

Brief For Appellant, p. 6.

In an appeal from a sentence following revocation of probation, our review "is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super.2000) (citing 42 Pa.C.S. § 9771(b)). The Sentencing Guidelines are not applicable to sentences imposed following revocation of probation. *Fish*, 752 A.2d at 924. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and we will not disturb the court's decision on appeal in the absence of an error of law or an abuse of discretion. *Commonwealth v. Simmons*, 56 A.3d 1280, 1283 (Pa.Super.2012).

Saar's brief raises three challenges to the discretionary aspects of his sentence: (1) his sentence is excessive, (2) the trial court misconstrued the nature of his new conviction at No. 1602-2014, because the court thought that this case involved another altercation between Saar and Powers, when in fact it involved an altercation between Saar and Miller, Powers' male friend, and (3) the trial court failed to take mitigating factors into account at the time of sentencing.[7]  Brief For Appellant, pp. 16-18.  A challenge to the discretionary aspects of sentencing

> do[es] not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super.2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).
>
> ***Commonwealth v. Evans,*** 901 A.2d 528, 533 (Pa.Super.2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super.2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

---

[7] We will refer to these claims as Claims 1, 2, and 3, respectively.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa.Super.2007). A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.' **Sierra, supra** at 912–13. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super.2010).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super.2013), *appeal denied*, 76 A.3d 538 (Pa.2013).

Saar filed timely a post-sentence motion to modify sentence and a timely notice of appeal, and he included a Pa.R.A.P. 2119 statement of reasons relied upon for allowance of appeal in his brief. Furthermore, read together, the first and third claims in his brief – claims of an excessive sentence and failure to consider mitigating factors – raise a substantial question for appellate review.[8] **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa.Super.2014). Therefore, we will address the merits of these claims.

This Court reviews sentencing determinations as follows:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly

---

[8] Saar waived the second claim in his brief (the trial court misconstrued his new conviction as involving another assault against Powers) by failing to raise it during his revocation hearing or in his post-sentence motions. **Griffin**, 65 A.3d at 935 (objection to discretionary aspects of sentence is waived if not raised during sentencing hearing or in motion to modify sentence).

unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

The trial court has the authority to sentence defendants to total confinement subsequent to revocation of probation if any of the following conditions exist: "(1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of this court." 42 Pa.C.S. § 9771(c). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010). A trial court does not abuse its discretion simply by imposing a seemingly harsh post-revocation sentence, where the defendant originally receives a lenient sentence but then fails to comply with the conditions imposed on him. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1122, n.5 (Pa.2007) ("the Dissenting Opinion labels the VOP sentence 'harsh.' Appellee's burglary convictions were felonies of the first degree, meaning each was punishable by ten to twenty years of imprisonment. Thus, on the burglaries alone, the VOP court was legislatively authorized to sentence appellee to consecutive terms totaling thirty to sixty years of

imprisonment. Appellee's initial, negotiated county sentence [of 11½-23 months' imprisonment plus two years of probation] was extremely favorable, and the VOP sentence cannot be described at all as harsh given the seriousness of the crimes and appellee's abject failure to abide by the requirements of his sentence").

Saar clearly deserved the sentence meted out by the trial court. The trial court observed that the police have "been at [his] house 27 times for domestic calls," that he has been "beating the same woman since 1997," and that his underlying conviction at No. 2454-2013 was for attempting to "gouge [Powers'] eyes out." N.T., 9/4/14, at 3-5. Despite this history of violence, the trial court imposed a relatively lenient sentence at Nos. 2454-2013 (2 years' probation) and 6229-2013 (88 days' time followed by 2 years' probation) and directed Saar to have no contact with the victim, complete the Batterer's Intervention Program, and, comply with an MH/MR evaluation and treatment. The trial court thus gave Saar the opportunity for treatment of his issues and rehabilitation outside of a prison setting. Saar comprehensively failed to take advantage of this opportunity; he committed yet another assault while on probation, resulting in another assault conviction, and adjusted "very poor[ly]" to supervision as a probationer. *Id*. at 2. The trial court had the discretion to conclude that these facts far outweigh the mitigating factors listed in Saar's post-sentence motion (his participation in a rehabilitation program and potential employment as a tree trimmer upon his release).

Saar met all three criteria within section 9771(c), any one of which made him eligible for a sentence of imprisonment. He was convicted of another crime committed while on probation; his conduct makes it likely that he will commit more violent crimes if not imprisoned;[9] and given his failure to take advantage of a relatively lenient sentence, a prison sentence became necessary to vindicate the authority of the court. The trial court acted within its discretion in imposing an aggregate sentence of 2½-5 years' imprisonment following revocation of Saar's probation.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

---

[9] As the trial court succinctly observed: "Now, do I think you're going to stop? I don't think so." N.T., 9/4/14, p. 4.